**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMIRI MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00061-PLC |
| SANTANDER CONSUMER USA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Amiri McNair, a self-represented litigant, sues Santander Consumer USA for allegedly defrauding him in connection with a securities transaction he entered online in December 2024. (Doc. 1). He moves for leave to pursue this action *in forma pauperis*. (Doc. 2). Having reviewed the motion, the Court finds that McNair is unable to pay the fees associated with this action. The Court therefore grants the motion and waives the filing fee. Nevertheless, the Court finds that the complaint fails to state a claim upon which relief may be granted under the federal securities laws. To the extent the complaint alleges claims under state law, the Court declines to exercise supplemental jurisdiction over those claims.

## I. Background

McNair identifies Santander Consumer USA as a bank in Dallas, Texas. (Doc. 1 at 2). He alleges that Santander mismanaged his securities and thereby committed securities fraud against him. *Id.* at 5. He alleges that he gave "the security collateral/value" on or about December 26, 2024, in an application he submitted online in Missouri, and that Santander then opened a securities account in his name and kept the proceeds. *Id.* McNair does not attribute any statement to

Santander, nor does he explain the nature of the "security collateral/value" or allege that he bought or sold a security. *See generally id.*

McNair invokes the Court's federal-question jurisdiction under 15 U.S.C. § 78j(b). (Doc. 1 at 3). As relief, he seeks specific performance of the contract, or restitution of $23,000. *Id.* at 5.

McNair has litigated a December 2024 transaction in this Court before. He previously sued another lender seeking specific performance of the contract or restitution of $24,000. Memorandum and Order at 3, *McNair v. Vantage Credit Union*, No. 4:25-cv-01133-AGF (E.D. Mo. Dec. 1, 2025), Doc. 3. The Honorable Audrey G. Fleissig dismissed that complaint without prejudice for lack of subject-matter jurisdiction. *Id.* at 5.

## II. Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted." A complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a self-represented litigant's complaint, the Court accepts well-pleaded facts as true and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not

assume unalleged facts or construct a legal theory on a plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

**III. Discussion**

McNair claims that Santander committed securities fraud by mismanaging the "security collateral/value" he provided in an online application. (Doc. 1 at 5). He invokes § 10(b) of the Securities Exchange Act of 1934, which prohibits the use of any deceptive device "in connection with the purchase or sale of any security." 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. A private plaintiff proceeding under § 10(b) must allege, among other things, a material misrepresentation, scienter, and a connection between the alleged fraud and the purchase or sale of a security. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005). McNair's complaint satisfies none of these requirements.

First, McNair does not identify any "security" within the meaning of the Exchange Act. The Act defines "security" to include "any note," 15 U.S.C. § 78c(a)(10), but courts apply the "family resemblance" test to determine whether a particular note qualifies. *Reves v. Ernst & Young*, 494 U.S. 56, 64–67 (1990). Under that test, consumer-financing notes do not qualify as securities. *Id.* at 65. McNair's phrase—" the security collateral/value"—does not describe any recognized financial instrument. And to the extent the complaint describes a transaction with a financial institution at all, it describes a consumer application, not a securities offering. Whatever McNair provided to Santander, nothing in the complaint suggests it bore any of the characteristics that distinguish a security from an ordinary commercial instrument. *See id.* at 66–67.

Second, McNair does not allege that he purchased or sold any security. A private plaintiff may maintain a damages action under Rule 10b-5 only as an actual purchaser or seller of securities.

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731–32 (1975). McNair alleges that he "gave" something to Santander and that Santander kept it. He does not allege a purchase, a sale, or any transaction the Exchange Act recognizes as either.

Third, even if the complaint could clear these threshold hurdles, it would still fail. McNair recites the elements of a § 10(b) claim without identifying a specific statement, speaker, or date on which any fraud occurred. (*See* Doc. 1 at 5). The Private Securities Litigation Reform Act requires a plaintiff to "specify each statement alleged to have been misleading" and to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(1)–(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). McNair's complaint contains nothing approaching that standard. The Court has liberally construed the complaint but cannot supply the facts McNair has not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The complaint fails to state a claim upon which relief may be granted under § 10(b), and the Court dismisses McNair's federal claim without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

McNair's remaining allegations sound in state law. Having determined that dismissal of his federal claim is appropriate, the Court declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that McNair's motion for leave to pursue this action *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that McNair's federal securities claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that McNair's state-law claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 16th day of September, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE